okay we'll call case number 24-6262 United States v. Threatt thank you counsel good morning your honors amy senio on behalf of the appellant mr. D'Angelo Threatt may it please the court rule 32 imposes an affirmative duty on the district court to verify that a defendant and his counsel have read and discussed the pre-sentence report here while the court initially satisfied this duty through its routine question to defense counsel at the beginning of the hearing that changed during allocution when mr. Threatt stated that actually his lawyer hadn't reviewed and discussed the PSI with him at that point the district court had a couple of options it could have accepted mr. Threatt's claim and delayed sentencing or it could have asked follow-up questions to resolve any potential conflict between what mr. Threatt and his counsel had each said counsel it seems like you you are really expecting a lot of the district courts sua sponte duty here and and this ties in a little bit to this threshold question that we have to decide which is whether the error is preserved right so when you say that at this point the district court had a couple of options well no one put the district court on notice about what those options were or what what you wanted to have happen right now I'm not sure how we should be thinking about that both in terms of whether the district court erred but also in terms of whether the issue is preserved so to with your first point your honor I don't think we're expecting a lot of the district court at all I've never seen a case the government has not cited a case where a situation like this happened there's four cases cited in the briefing where the defendant said himself hey I've never seen the PSR and in every single one of those cases the district court knew exactly what to do it paused the proceedings it inquired further it got to the bottom of things and then it a finding whether or not the review actually happened in one of the cases and Smith that was in the same district the Western District of Oklahoma with a different panel lawyer that's not the error on appeal because the district court fixed it but the district court found that the defendant was telling the truth and so we're not expecting a lot if the district court is told affirmatively you haven't met your duty to verify because I'm telling you that this review didn't happen all the district court has to do is then resolve that dispute ask a few more questions get more information like district courts do all the time during the course of the regular duties so is your position that it's sort of self-executing that if at the if the district court asks you know makes an effort to determine that counsel has reviewed the PSR with with his or her client and you know the client says no that the rule content you know in and of itself contemplates that the district courts going to take further action without anyone even saying anything that's right your honor the the text of the rule is clear it requires verification it says the district court must verify and if the defendant says no even if his counsel says yes then what the district court is presented with is a conflict a dispute the district court has to resolve otherwise it can't be between the lawyer and the client what is the dispute that you say needs to be resolved in general your honor or here here it's not even clear that there was a dispute if counsel is asked about an opportunity that's perfectly consistent with mr. three saying that opportunity never actually happened I never actually reviewed the PSR with him but if we can see that as a dispute then that's something that the district court has to resolve before it can move on because it can't possibly be verification if the district court doesn't know which version of events is true how should we be thinking about how what we have in the record that evidences the district court's understanding of your clients claim at during his allocution because you know you cite to us you rely on Holguin Hernandez for this proposition that you don't need magic language fully agree but Holguin doesn't really speak to how we're to look at what the district court then says because that seems to me to be instructive of okay here's here's a court saying this is how I receive your your statement and here the district court received it as I'm not going to take up any of the defendants complaints during his allocution aimed at his defense counsel so it seems to me the district court under just understood this as a and even your client said ineffective assistance so why isn't it reasonable at that point for the district court to understand this not as a rule 32 problem but as a problem about okay this this defendant is unhappy with his lawyer and that's not for right now so we can look to the decisions of the other circuits mark and Scott where almost exactly the same thing happened where a defendant stated on the record during sentencing I've never seen the I don't know what it says and in those cases the court applied the same core rule that inside Hogan Hernandez but the same rule of it it was brought to the district courts attention and that's not to my understanding is subjective inquiry of what the district court in its own mind was believing whether it was listening well enough it's whether it was brought to the attention and this is during allocution and so this court has said in Jarvie that allocution is a special time that's the time for the defendant as an individual to bring concerns up with the court related to sentencing and so the district court wasn't free to decide not to take it up whether the district court wasn't listening or he didn't understand counsel can I interrupt you for a second you admit we're on plain excuse me assuming error I know your honor we don't agree that we're on plain error we think this is preserved just as it would be in the Third Circuit in the First Circuit but we can satisfy plain error which we argued in the alternative what is the injury to the figure client assuming error so for prejudice the requirement that this court set out in Ron how under rule 32 is very similar if not the same as the prejudice inquiry would be for third prong for substantial rights on plain error and that's basically we have to show that the error mattered and in Ron how we do that in two ways we first have to offer evidence or assert contradictory facts to challenge the PSR is accuracy which we have done here and then second we have to show that that error that whatever mistake it was in the PSR that that would have mattered that that could have affected the sentence and we've done both of those things here what what is the prejudice here so how is the client so the prejudice your honor is that mr. three was not able to challenge two enhancements that significantly affected his guidelines range it doubled his guidelines range from what would have been 77 to 96 months all the way to 188 to 235 months which was above the 180 month statutory maximum which is what he ultimately received here and so he was not able to challenge these enhancements which were based on hearsay allegations sometimes multiple levels of hearsay without actually any proof because it wasn't challenged so the district court was allowed to accept them as true and he didn't get the opportunity to actually engage in any sort of dispute about that and challenge them and have a chance to have those those enhancements not apply so how should we be thinking on that point about the fact that in memo he sort of takes up factual challenge to the July arrest and says there's a brief scuffle and it was a fairly quick you know attempt to the headlock that failed quickly I mean it feels to me like those are the sorts of factual challenges that you would be mounting to object to the PSR as predicate facts and support of the enhancements that didn't happen for reasons at issue here perhaps but that sentencing memo troubles me because it suggests that the factual challenge was available the sentencing memo that the attorney drafted was a legal challenge it was to whether the facts as alleged in the PSR rose to the level of met the legal standard of that guideline the aggravated just what is akin to aggravated assault okay so maybe you're my question so you don't think that the sentencing memo is taking issue with the facts in the PSR it doesn't do that explicitly for sure but it's not even sort of doing it it's not even sort of doing it your honor it's super clear especially what counsel says at the sentencing hearing that counsel's position is you know your honor this isn't aggravated assault this is simple assault you know it just doesn't rise to that level that the lawyer is saying that these facts as they have been alleged just aren't good enough not that the facts didn't happen or not that what the officer alleges there are three layers of hearsay isn't actually what went on and I also have I'm really stuck on how to understand prejudice in this case I know judge Kelly was asking about this in terms of what you're showing is if you're on plain air but I don't really even understand what you're attempting to do with the attachments to the opening brief and you know I I see that you see in our law you're trying to be responsive to what you I think understand our law to have required that to show prejudice even for preserved rule 32 error you have to point to something and that's what you seem to be doing but I don't understand where you where that requirement comes up comes up and I say that for two reasons one is that Rangel is did not suggest there needs to be some sort of evidentiary showing and that's weird because we don't take facts on appeal that's not what we what we do and then you rely on Martinez it's unpublished but that's a plain error case so so I don't really if you I guess my question is if you could speak to where do you see this requirement where an appellant has to all of a sudden develop facts on appeal to satisfy preserved prejudice for rule 32 and is there any daylight between preserved prejudice and prong 3 if you're on plane air I don't think there's any daylight to answer that last question your honor but this comes directly from the court's precedent and not only run hell but Archer which is applying run hell which is a case in which the defendant attempted to show prejudice by saying I would have challenged the loss calculation and the court says uses the same language in run hell and that is offer evidence or assert contradictory facts and so if your honor thinks that that's just a proffer that's an offer of proof that actually doesn't require evidence great that's that's fine we've done that but we wanted to make sure every defendant that's ever tried this on in the tensor has lost so we wanted to make sure out of an abundance of caution that we were doing everything possible understood and what is what are we supposed to do with it is it supposed to be and in you know we're not supposed to be resolving the merits of factual disputes so are we supposed to receive it in your view assuming the law requires it and you've complied with with that that we're supposed to say aha there actually is a problem because you've pointed to something you could do so and right the court is absolutely not resolving facts it's not a fact finder and what the court could do is since this is the first time anyone has actually tried to fulfill the standard the court could say what we meant in Ron Helen Archer by assert contradictory facts was just that you have to make some sort of explanatory showing of why this would have mattered that there's something in the PSR that you could have pointed to and what I mean I thought that when we say prejudice we mean harmlessness we don't we mean it prejudice as opposed to it's not structural rule 32 error isn't structural so is it is that the wrong way to look at it that our cases you think affirmatively require a proffer or something it's not just that you know you point out the error by saying here it is you didn't you know the district court didn't fulfill its rule 32 duty and it's not harmless because we have to do you know show prejudice the way you do in the ordinary case under a harmlessness standard I think that would be the ordinary case for whatever reason in this specific context that's it's sort of upside down land I don't know why the court's opinions are not drafted that way but you know we are trying to engage with the standard as the court is has written it no no and I'm not I think that's great it's just a strange it seems to be a I think and maybe in the typical case you know it's ideally it wouldn't have been written this way in 1993 when run hell was first published but you know I think typically it is harmlessness but because this is a weird situation where even it's if it's preserved the defendant has to actually do the pointing out and showing how it could have affected things that's usually the government's burden if it's harmless error but if that is the case here then there isn't any daylight on on plain error and so essentially the the inquiries collapse whether it's preserved or not and I see I have 12 seconds left and I will reserve those 12 seconds for a little Thank You counsel thank you may please the court counsel Cedric bond on behalf of the United States I'd like to start with the question of preservation because that is really the threshold question here before the court because the case here started with the the sentencing hearing began with the this question mr. Autry have you and the defendant each had an opportunity to review and discuss the pre-sentence report including addenda and revisions since the initial draft the response yes your honor now this question is coming up before the court here whether this statement at the end or toward the end of the allocution was sufficient to alert the court that that that verification that he began his sentencing hearing it began its sentencing hearing with was not sufficient well let me let me stop you for a second so allocution is pretty sacred in this circuit one of us sitting up here on the bench has been deemed to have committed an error by forgetting to allow it at a sentencing it wasn't judge Rossman and we have a fairly recent body of case law that reverses courts who made a remark about what they plan to do at sentencing before allocution ergo that they prejudged their sentence before the person had a chance to allocute and that suggests pretty loudly to me that in this circuit when a district judge has someone allocuting that they're supposed to listen and know that it's a person who may not be skilled in the law but they should listen to them and take action and maybe even rely on what is said in their sentencing that seems pretty important your honor the allocution is a very important and within the bounds of the law sacred time this this statement that mr. three made was not sufficient to alert the court that he was making a legal objection Allah rule 51 B I'm your honor I've got a rule 51 B objection I know I'm a prisoner not skilled in the law but my attorney didn't discuss this with me and I if he had I have seven objections to the PSR that you don't even know if I saw your honor that's not what would be required the this we don't even know if he saw it your honor the question is not whether this court right now knows whether mr. three saw the PSR but whether the district court could reasonably infer from the from the court documents defendant statements and the statements of defense counsel what whether it had satisfied its obligations under rule 32 I 1a and that's the standard and I'm sorry go ahead that's the standard under ran hell right so so so the issue is whether we're evaluating it as preserved and I have a question for you about Holt just a moment so or if it's plain the issue on error is evaluated by that legal standard is that correct yes your honor okay and so why irrespective of preservation why would there be no error here under under this standard and if you could walk me through the government's position really most usefully would be chronologically beginning from when the court asks the question which didn't really track the language of the amended rule but the court asks the question and then what do we have in the record that would support the government's position under the grand hell standard yes your honor as far as the the court's obligation under rule 32 I want to make this verification it is a flexible standard also from run hell and the court here in this case started by asking started the sentencing hearing I'm asking that question that I quoted there and at that point when counsel had given that unequivocal response that court the court had satisfied its obligations under rule 32 I 1a and could proceed with sentencing which is the concern behind this rule about proceeding with sentencing without having this happening so procedurally at that point in the hearing could mr. Threat have jumped up and disputed that or as a matter of procedure is he supposed to wait until it's time to allocute if there's no evidence being put on your honor I think that that whether it's the proper procedure for it to be done or not I think that they when he hears his counsel making a false statement right there I think that we would it would be reasonable for him to say something at that point that seems just like a non-starter I mean it seems to require us to make assumptions that are either just fanciful or not supported by the record and not helpful in any event I mean what I'm trying to figure out under the standard that we're required to apply is what is it about this record that assuming the district court assuming we spot you that when the district court asked the question and got an answer that it's rule 32 duty was complete what are we to do with the fact that we have a record that contains no matter when a defendant saying that didn't that's not true I I didn't review it okay so we have that indicia that data point we also have the absence of the sorts of factual objections that you would you know maybe typically expect to which appellant now explains why maybe those weren't made so we have a record from which we have to say that the reasonable inference from everything that the court knew supports no error here why is that the right conclusion on this record in its totality and I and I'm not persuaded by the fact that the defendant didn't jump up at the appropriate procedural moment right your honor well he in fact did jump up at the appropriate but go ahead your honor the so we start with that initial verification now the question is whether the defendants statement in the midst of his allocution was sufficient to alert the district court that this issue was present and I think earlier in your questions with appellants the you noted that there is kind of a linkage between the preservation question and the error question here and part of that comes down to whether the district court can identify that and I'll address that here in a second but first just as far as the other things that the court can look to draw this inference we have to not not one motion but two motions to first to extend the time to object to the initial PSR so that the defense counsel can consult with his client and second motion to continue sentencing so that the the defense counsel can consult with his client again after the issuance of the final PSR and those those are the kind of facts in the record that this court has said district courts can look to to draw the inference that it has satisfied its obligation to verify this now when we get into a circumstance like this where we have the attorney either the attorney line or the defendant line that's where we get into a complicated situation that can't really be addressed in the sentencing and as it is done there has to be preserved for ineffective assistance of counsel claims in that context oh I disagree in the sentence in the sentencing the judge could have said hold on mr. so-and-so get up your clients just said that you didn't he didn't have an opportunity to read and discuss the PSR with you what do you say about that and he says oh I did or he did or whatever and you have the discussion right there on the record it can be resolved presumably in minutes and the court can then say well you know I've heard from mr. three and I've heard from counsel and mr. three sorry your objection is just not credible to me I believe that counsel based on all these things in the record and what your counsel just said on the record today that in fact you did have the opportunity objection overruled I'm going to sentence you you know your honor I would have liked it if the district would have done the statutory maximum no that's just that's just the way it that's I mean that's that's 101 that's the way it's contemplated that's why that's why people allocute you so you can decide right then they allocute so you can decide if the problem arises because of what the defendant says you can deal with it right then and that they don't have to sit in jail waiting on the ineffective assistance of counsel petition to percolate through your honor I think part of this comes down to the manner in which mr. three raised this he raised it kind of sandwiched between different complaints against his counsel and this also is a complaint against counsel and he did he didn't say that he wanted to you know they he wanted to stop this thing so he could find out what we're all talking about because they've just been hashing out objections to the very same enhancement that's that he wishes to object now if he were to have a second go at it but the what we have here is he makes this his claims against counsel and then he has this passing comment in a side where he says oh and PS my attorney never went over my PSI with me and if he did in which I would have withdrawn my plea and if I could do that now I'd like to and so in that context that's where we can look much more like that Dunbar case that the government cited where which raises question of motions to withdraw please and motion to withdraw plea he's represented he's represented he has his lawyer right there he's allocuting so I mean he's not making a pro se motion and I just think that's that's a non-starter so but what what you're saying though makes me think about perhaps why the government wants this circuit to adopt the preservation standard that the Sixth Circuit hasn't told right that's that's your your you're advocating for that we don't have a standard for for procedural error under rule 32 how to preserve that right we don't have a case that says how you do that yes your honor that's why we cited the whole case okay and that and just so that I understand the difference there is and what's missing here on this record is you have to not just say I didn't review it but then ask for specifically what you want the district court the true basis what you want the district court to do is that correct yes and why should we adopt that standard that seems like a very highly technical standard especially if the rule 32 objection is coming from a defendant during elocution your honor that's the kind of as that's the kind of request objection that this court has required for rule for rule 32 challenges in the past regarding you know not just so like for example in the objections to facts in a PSR it's not enough to object to the facts if the judge if the judge then just makes a general finding that you have to object to the district courts failure to to make the specific finding that based on your objection this that's this court has has adopted that just not in this we haven't addressed it in this context and if the court would like I can provide a 28 J letter with a case that does that it'd be United States versus Williamson from 1995 and but you mentioned earlier the Hoagland Hernandez standard and that's kind of that is the the argument for the defendant appellant is making for preservation here is that just you need to point and you know bring it to the court's attention but the the Supreme Court there expressly rejected that it was establishing the standard for procedural error for what was necessary to preserve a procedural error and and instead that's that's rule 51 be you advising the court of the action that you wish the court to take or objecting to its action and the basis for that objection and that's that's the grounds for what we're talking about for as far as true procedural errors give the district court a chance to actually know what it is that you're challenging right then and there and what you want the court to do and then we can go for it and address it there in a more fulsome way well rule 51 B doesn't really seem to help you because it has or in it has the word war in it right so I think yeah go ahead I think that does help us because it's really referring to two different contexts of what's going on if the court is doing something then you have you take that second prong after the or or object to the court's actions and into the basis for your objection and if the court's not doing something then you're on the first side sorry I flipped those around but you're on the first side of objecting to the court's actions and that's why there's the or there is because it's it's addressing both district court actions that are being challenged and district courts failures to act that are being challenged okay thank you counselor you're out of time judge Kelly do you have any further questions okay we have eight ten seconds of rebuttal thank you your honor I just want to make the quick point that we can meet plain error review here but if the court adopts the Holt standard which the Sixth Circuit is the only circuit that I'm aware of that has such a stringent standard it creates a pretty difficult burden for defendants and it's not the same as other rule 32 errors where you're going to have a lawyer at the table with you who can object to nonspecific findings it's a unique situation in which the defendant as a individual non-lawyer lay person is going to have to bring it to the court's attention thank you the case is submitted and counselor